| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1122 JAR |
| | ) | |
| JAMIE MCCAIN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In March 2015, defendant Jamie Yvonne McCain was charged with a traffic offense in St. Francois County. Several months later, plaintiff filed a pro se notice of removal in this Court, alleging that her constitutional rights were being violated in the state proceedings. Because there is no statutory basis for plaintiff to remove the state prosecution to federal court, this matter will be summarily remanded to the St. Francois County Court.

According to an incident report prepared by an officer of the Missouri State Highway Patrol, plaintiff was spotted traveling 20-25 miles per hour over the posted speed limit on or about January 31, 2015.

On March 27, 2015, after plaintiff failed to pay the traffic ticket, she was charged with exceeding the posted speed limit by 20-25 miles per hour. *See State v. McCain*, No. 701534951 (24th Judicial District, St. Francois County).

Plaintiff attempts to remove those charges to federal court pursuant to three statutes: 28 U.S.C. §§ 1331, 1443, and 1455. As explained below, however, none of those provisions—or, for that matter, any other federal statute—provides a basis for removal of the state-court proceedings.

Section 28 U.S.C. § 1331 cannot be the basis for removal of a case from state court, as this statute can only be used to initiate original civil actions in federal court. It cannot be used for removal of criminal actions from state court.[1] Similarly, 28 U.S.C. § 1445 does not, itself, provide a substantive basis for removal jurisdiction, but merely sets forth the procedural requirements for removing a criminal case from state court. *See* 28 U.S.C. § 1445.

That said, the Court notes that three federal statutes allow for the removal of certain criminal prosecutions from state to federal court. Those statutes are extraordinarily limited, however, and none of the three statutes allows for removal of this matter.

First, 28 U.S.C. § 1442 provides that civil and criminal actions commenced in state court against the United States itself and against officers of the United States acting under color of office may be removed to federal court. Nothing in plaintiff's notice of removal or any of the other documents filed by plaintiff indicates that she is a federal officer or otherwise meets the requirements of § 1442. Plaintiff has not sought to invoke § 1442, and there is no reason to believe that plaintiff could have successfully invoked § 1442 if she had tried.

Second, 28 U.S.C. § 1442a allows for removal "of a civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States" who was acting under color of his status as a member of the armed forces. There is similarly no indication in the documents filed by plaintiff that she is a member of the United States armed forces or that she was acting under color of her status as a member of the armed forces. Plaintiff therefore cannot invoke (and has **not** tried to invoke) § 1442a.

Third, § 1443 states of Title 28 states, in relevant part:

---

[1] 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law

"Removal jurisdiction under § 1443(1) is very limited. Generally 'the vindication of the defendant's federal rights is left to the state courts.'" *Minnesota v. Bey,* Nos. 12–CR–0256 & 12–CR–0257 (JRT), 2012 WL 6139223, at *1 (D.Minn. Dec. 11, 2012) (quoting *City of Greenwood v. Peacock,* 384 U.S. 808, 828 (1966)). In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quotations omitted).

Plaintiff satisfies neither prong of this test. Although plaintiff alleges that her constitutional rights are being violated in state court, plaintiff has pointed to nothing indicating that the State of Missouri has violated her rights on account of her race. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to remove a case under § 1443(1). *Id.*

With respect to the second prong, there are no allegations offered by plaintiff from which the Court could conclude that the state courts cannot vindicate her federal constitutional rights.

As such, plaintiff may not invoke § 1443(1) as a basis for removing this prosecution to federal court.

Section 1443(2) is no more availing. That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood,* 384 U.S. at 824. As noted above, there is no indication from the documents filed by plaintiff that she is a federal officer or agent. Nor is there any indication that plaintiff was executing duties under federal law providing for equal civil rights. Plaintiff therefore cannot remove the criminal proceedings under § 1443(2), either.

Finally, even if there were a statute providing for the removal of this prosecution to federal court (and there is not), it does not appear that plaintiff has adequately followed the procedures for removal. Under § 1455(b)(2),

> (b) Requirements.—(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> > (2)A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

The trial docket maintained by the St. Francois County Court seems to indicate that plaintiff was arraigned in March 2015. She did not file her notice of removal until July 21, 2015. Further, plaintiff has failed to suggest "good cause" for why her notice of removal was filed over four months late.

Defendant, who is seeking leave to proceed in forma pauperis in this Court, filed a pro se request for removal of a criminal action from the Municipal Court of St. Francois County. Defendant attached to her notice of removal a copy of the state court file.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal cannot be permitted in this case. The Court therefore summarily remands this matter to St. Francois County Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the St. Francois County Court.

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the St. Francois County Court, with reference to *State of Missouri v. Jamie McCain*, Case No. 701534951.

Dated this 14th day of August, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE